UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, DENISE RICHARDSON, and THOMAS
CORBETT as Trustees and fiduciaries of the LOCAL 282
WELFARE TRUST FUND,

                                                Plaintiffs,

                        -against-                                        **COMPLAINT**

                                                                         **18-CV- 6996**

TPE INC. doing business under the name and style of THE
PLUMBING EXCHANGE and JUDA BLAU and
ZALMEN BLAU, individually and jointly and severally,

                                                Defendants.
--------------------------------------------------------------------------x

      Plaintiffs Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael

Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas

Corbett (hereinafter collectively "Trustees") as trustees and fiduciaries of the Local 282 Welfare

Trust Fund ("Welfare Fund"), for their Complaint against TPE INC. doing business of the name

and style of The Plumbing Exchange ("The Plumbing Exchange"), JUDA BLAU and ZALMEN

BLAU (collectively "Defendants"), individually and jointly and severally, allege as follows:

      1.      This is an action by the Plaintiffs Trustees and fiduciaries of Taft-Hartley

employee benefit plans for injunctive and monetary relief under Sections 502(a)(3) and 515 of

the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§

1132(a)(3) and 1145 and Section 301 of the Labor-Management Relations Act of 1947

("LMRA"), 29 U.S.C. § 185 alleging causes of action for ERISA and common law fraud to

recover Forty-Four Thousand Six Hundred Thirty Dollars and Eighty-Two Cents ($44,630.82)

paid by the Welfare Fund for medical claims for Avrohom Blau due to the Defendants' knowing

material misrepresentation, in submitting remittance forms to the Welfare Fund and otherwise

reporting to the Welfare Fund that Mr. Avrohom Blau was an employee of The Plumbing

Exchange for 160 hours during September 2015 when Mr. Avrohom Blau in fact was not on the

Plumbing Exchange's payroll during September 2015 and therefore was ineligible for medical

coverage. Plaintiffs also seek interest and attorneys' fees pursuant to the Welfare Fund's Trust

Agreement and collective bargaining agreement between Building Material Teamsters, Local

282 IBT and The Plumbing Exchange and 29 U.S.C. § 1145.

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29

U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1145 and federal common law.

3.      This Court also has jurisdiction under Section 301 of the LMRA, 29 U.S.C. § 185,

in that Defendants' actions violated the collective bargaining agreement between The Plumbing

Exchange and Building Material Teamsters, Local 282 IBT.

4.      This Court has pendent and/or supplemental jurisdiction over the state common

law causes of action. 28 U.S.C. § 1367.

5.      Venue lies in this Eastern District of New York under 29 U.S.C. § 1132(e)(2), as

Defendants reside, have their offices, and can be found in the Eastern District of New York, and

the Welfare Fund is administered and have their offices in the Eastern District of New York.

6.      Plaintiffs are Trustees and fiduciaries of the Welfare Fund within the meaning of

29 U.S.C. § 1002(21) (A), as they have discretion and control over the assets and administration

of the Welfare Fund.

7.      The Welfare Fund is an "employee benefit plan" and "multiemployer plan" within

the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37), with

their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

8. The Welfare Fund is jointly administered by a Board of Trustees, comprising an equal number of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

9. The Welfare Fund was established pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282, IBT, a labor organization representing workers in an industry affecting commerce, and various employers which are required to make contributions to the Welfare Fund on behalf of their workers covered by the collective bargaining agreements.

10. The Welfare Fund is maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust (hereinafter the "Trust Agreement"), for the purposes of collecting and receiving contributions from the Employers and providing benefits to eligible participants and their beneficiaries.

11. The Welfare Fund provides health and welfare benefits to covered workers, retirees and their dependents.

12. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Welfare Fund is a third-party beneficiary to the collective bargaining agreements.

13. Defendant, TPE INC., doing business under the name and style of The Plumbing Exchange, is and always has been, a domestic business corporation authorized to do business in the State of New York with offices for doing business located and mailing address at 182 10th Street Brooklyn, NY 11215.

14. Defendant Juda Blau is the 100% owner at all relevant times of the Defendant The Plumbing Exchange.

Page 3 of 12.

15.     Defendant Zelman Blau is a manager at The Plumbing Exchange whose job responsibilities include submitting The Plumbing Exchange remittance forms to the Welfare Fund.

16.     The Plumbing Exchange operates, upon information and belief, a plumbing business which includes drivers performing trucking work.

17.     At all relevant times, upon information and belief, The Plumbing Exchange was owned as 100% shareholder and operated by the Defendant Juda Blau.

18.     At all relevant times, upon information and belief, The Plumbing Exchange was managed by Defendant Zelman Blau.

19.     Avrohom Blau was Defendant Zelman Blau's son.

20.     Defendants are, and have been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

21.     Defendants are, and have been, engaged in the business of trucking within the State of New York.

22.     The Plumbing Exchange is, and at all relevant times was, a signatory to a series of collective bargaining agreements with Building Material Teamsters Local 282, IBT ("Local 282") (hereinafter collectively the "CBAs").

23.     The CBAs establish the terms and conditions of employment for all drivers who are employed by or provide work for Defendants. The CBAs require contributions to the Welfare Fund "for each hour worked" by a driver and includes contributions "for performance of work traditionally performed by Employees covered by" the CBAs.

24.     The CBAs state The Plumbing Exchange is bound to the Trust Agreement governing the Welfare Fund and incorporate the Trust Agreement by reference into the CBAs.

Specifically, Section 21(G) of the CBAs provide, in pertinent part, that the Trust Agreement is "made a part of this Agreement with the same force and effect as if fully incorporated herein, and the Employer…hereby agree(s) that upon the execution of this Agreement they shall be deemed [a party] to said Trust Agreement []."

25.     The Trust Agreement (Article II, § 3) authorizes the Trustees to interpret the provisions and the terms used in the Trust Agreement and provides that any interpretation or construction adopted by the Trustees in good faith is binding upon the employers participating in the Welfare Fund.

26.     The CBAs, together with the Trust Agreement and 29 U.S.C. § 1145, require employers including Defendants to contribute to the Welfare Fund for drivers who perform work covered by the CBAs, at specified rates for each hour of covered work, subject to certain limitations and premium payments set forth therein.

27.     The CBAs and the Trust Agreement (Article IX, § 1) require Employers, including Defendants, to submit detailed accurate written reports (hereinafter "remittance reports") and contributions to the Welfare Fund, which identify those drivers who performed work covered by the CBAs, and to state the number of hours each driver engaged in covered work. The CBAs (Section 21(F)) and Trust Agreement require participating employers such as Defendants to submit remittance reports and contributions to the Welfare Fund no later than 45 days after the end of the month in which the work covered by the CBAs is performed.

28.     The remittance reports are intended to be an employer's monthly statement and representation to the Plaintiffs of the number of hours of drivers' covered work.

29.     Employers are required to sign the remittance reports and certify that the information contained in the remittance reports are accurate.

30.     The Welfare Fund relies on the remittance reports to determine the level of benefits, if any, that are to be provided to those drivers reported by an employer.

31.     The Welfare Fund relied on the remittance reports The Plumbing Exchange submitted to the Welfare Fund.

32.     In September 2015, Defendants submitted remittance reports and paid contributions for Avrohom Blau for driving work Avrohom Blau supposedly performed that month.

33.     Subsequently the Welfare Fund's auditors performed a payroll audit of The Plumbing Exchange's payroll records for the period August 1, 2015 - December 31, 2016.

34.     The auditors determined Avrohom Blau was not in covered employment or on the payroll for 160.00 hours of the 160.00 hours reported by Defendants for Avrohom Blau for the month of September 2015.

35.     As a result of not working the 160 hours in September 2015, Avrohom Blau is not eligible for Welfare Benefits for the insurance quarter beginning December 1, 2015. Avrohom Blau nevertheless applied for and received Welfare Fund benefits during the insurance quarter beginning December 1, 2015 in the amount of $49,130.82.

36.     The Welfare Fund would not have made this payment but for the material misrepresentation by the Defendants in submitting the September 2015 remittance form listing Mr. Avrohom Blau as performing trucking/covered employment in September 2015.

37.     By letter dated April 5, 2017, the Welfare Fund notified the Defendant The Plumbing Exchange of this issue and demanded Defendants reimburse the Welfare Fund the $49,130.82.

38.     The Defendants ignored this demand.

39.     In December 2018, Trivella & Forte, LLP, acting as counsel for the Welfare Fund, called the Defendant Zelman Blau and discussed this issue.

40.     Zelman Blau admitted, during the aforesaid conversation, Avrohom Blau was not on the payroll in September 2015.

41.     Despite these attempts to recover the $49,130.82 the Defendants have refused to reimburse the Welfare Fund for any of the $49,130.82.

42.     Section 6(E) of the CBAs expressly prohibits The Plumbing Exchange from participating in any scheme, device or plan (either directly or indirectly through relatives, business associates or employees) to defeat the terms and intent of the CBAs.

43.     Section 21 of the CBAs goes on to state that it "shall be binding upon the parties hereto, their successors, administrators, executors and assigns."

44.     At all times relevant to this action, Defendants engaged in, and continue to engage in trucking. Trucking is an integral part of and is covered work under the CBAs.

## FIRST CAUSE OF ACTION
### (ERISA and Common Law Fraud)

45.     Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint as if fully set forth herein.

46.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary: (A) To enjoin any act or practice which violates any provision of this title or the terms of the plan; or (B) to obtain other appropriate equitable relief; (i) to redress such violation; or (ii) to enforce any provision of this title or the terms of the plan."

47.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    a.    The unpaid contributions,
    b.    interest on the unpaid contributions,
    c.    an amount equal to the greater of-
          i.   interest on the unpaid contributions, or
          ii.  liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],
    d.    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    e.    such other legal or equitable relief as the court deems appropriate…."

48.     The individual Defendants are controlling officers of The Plumbing Exchange. Defendants are obligated under the CBAs and 29 U.S.C § 1145 to reimburse the Welfare Fund $49,130.82 resulting from the Defendants' knowing material misrepresentation of fact to Welfare Fund representatives, that Mr. Avrohom Blau performed covered work and was a Plumbing Exchange employee in September 2015.

49.      The Welfare Fund representatives detrimentally relied on this misrepresentation in making the $49,130.82 Avrohom Blau medical claim payments, resulting in damage to the Welfare Fund in an amount to be determined at trial but in no event less than $49,130.82, plus interest, attorneys' fees and damages authorized under 29 U.S.C. § 1132.

50.     Defendants, by failing to reimburse the Welfare Fund and misrepresenting Mr. Blau's work hours to the Welfare Fund, violated Section 515 of ERISA, 29 U.S.C. §1145 and committed ERISA and common law fraud, in that they have failed to make contributions and submit remittance forms in accordance with the terms of the Welfare Fund's plan documents, the collective bargaining agreements  between Building Material Teamsters Local 282, IBT and The Plumbing Exchange, supporting an action under 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and are subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. §§1132(g) and 1145,

entitling Plaintiffs to a judgment against Defendants, jointly and severally for $49,130.82 and 29 U.S.C. § 1132 damages and damages for breach of contract in an amount to be determined after trial but in no event less than $49,130.82, plus interest, attorneys' fees, and other damages available pursuant to contract and 29 U.S.C. § 1132.

51.     As a result of the foregoing, Plaintiffs respectfully request judgment against the Defendants, individually and jointly and severally, in an amount to be determined at trial, but in no event less than $49,130.82, plus interest, attorney's fees, and other damages available pursuant to contract and 29 U.S.C. § 1132 and common law.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

52.     Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint as if fully set forth herein.

53.     Section 301(a) of the LMRA, 29 U.S.C. § 185(a), provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

54.     Section 301(b) of the LMRA, 29 U.S.C. § 185(b), provides that "[a]ny labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents."

55.     The CBAs prohibited Defendant from misrepresenting the hours of work performed by Avrohom Blau to the Welfare Fund.

56.     Defendants misrepresented the hours of work performed by Avrohom Blau to the Welfare Fund, breaching the CBAs.

57.     Because of the foregoing, the Defendants are jointly and severally liable to the Plaintiffs in an amount to be determined at trial, event less than $49,130.82, plus interest, attorney's fees, and other damages available pursuant to contract and 29 U.S.C. § 1132 and common law.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Conversion)**

58.     Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint as if fully set forth herein.

59.     Plaintiffs have a possessory right or interest in the $49,130.82;

60.     Defendants exercised dominion over the $49,130.82 or interfered with it, in derogation of Plaintiffs rights.

61.     Defendants refused to return to the Welfare Fund $49,130.82 after due demand therefore, resulting in Defendants damaging Plaintiffs in an amount to be determined at trial but in no event less than $49,130.82, plus interest, attorney's fees, and other damages available pursuant to contract and 29 U.S.C. § 1132 and common law.

62.     No prior request for the instant relief has been made in this or any Court.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request the Court enter judgment:

a.      Declaring Defendants individually and jointly and severally liable for the $49,130.82 owed by Defendants to the Plaintiffs' Welfare Fund, plus interest, liquidated damages, attorneys' fees, audit fees, costs, disbursements, and such other damages available

under 29 U.S.C. § 1132 and the Trust and collective bargaining agreements between Defendants and Building Material Teamsters Local 282, IBT in an amount to be determined at trial and

b.      Awarding Plaintiffs damages against the Defendants, jointly and severally, for for breach of the collective bargaining agreements, Trust Agreement, ERISA and/or LMRA in an amount to be determined at trial, but in no event less than $49,130.82 owed by Defendants to the Plaintiffs' Welfare Fund, plus interest, liquidated damages, attorneys' fees, audit fees, costs, disbursements, and such other damages available under 29 U.S.C. § 1132 and the Trust Agreement and collective bargaining agreements between Defendants and Building Material Teamsters Local 282, IBT; and

c.      Declaring Defendants engaged in an illegal and/or unlawful arrangement, scheme and artifice to induce the Welfare Fund to pay $49,130.82 in medical claims.

d.      Awarding Plaintiffs damages against the Defendants, jointly and severally, for common law and ERISA fraud in an amount to be determined at trial, but in no event less than $49,130.82 owed by Defendants to the Plaintiffs' Welfare Fund, plus interest, liquidated damages, attorneys' fees, audit fees, costs, disbursements, and such other damages available under 29 U.S.C. Section 1132 and the Trust Agreement and collective bargaining agreements between Defendants and Building Material Teamsters Local 282, IBT; and

      e.      Ordering such other legal or equitable relief the Court deems proper.

White Plains, New York
December 7, 2018

TRIVELLA & FORTE, LLP

_/s/ *Christopher A. Smith*_____
By: Christopher A. Smith, Of Counsel
*Attorneys for the Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
(914) 949-9075
Facsimile: (914) 949-4752